25-1005-cv
*Federal Insurance Co. v. Mt. Hawley Insurance Co.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand twenty-six.

Present:

> AMALYA L. KEARSE,
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> *Circuit Judges*.

_____

FEDERAL INSURANCE COMPANY,

> *Plaintiff-Appellee,*

v.                                                                                     25-1005-cv

MT. HAWLEY INSURANCE COMPANY,

> *Defendant-Appellant.*\*

_____

| | |
|---|---|
| For Defendant-Appellant: | JOSEPH D'AMBROSIO (Caroline McKenna, *on the brief*), Ford Marrin Esposito Witmeyer & Gleser, L.L.P., New York, NY |
| For Plaintiff-Appellee: | ADAM IRA STEIN (Vincent Passarelli, *on the brief*), Cozen O'Connor, New York, NY |

---

\* The Clerk of Court is respectfully directed to amend the caption as set forth above.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lorna G. Schofield, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Mt. Hawley Insurance Company ("Mt. Hawley") appeals from a judgment of the United States District Court for the Southern District of New York, entered on March 27, 2025.

On March 1, 2024, Federal Insurance Company ("Federal") brought suit against Mt. Hawley, seeking: (1) a declaration that Mt. Hawley has a duty to indemnify Federal's insured, Wieden & Kennedy, Inc. ("W&K"), for liabilities incurred in an underlying state court action, and that this duty is primary to any other insurance available to W&K, as well as (2) an order that Mt. Hawley reimburse Federal for all indemnity payments Federal made on W&K's behalf up to the amount required and provided for in W&K's contract with Mt. Hawley's insured, Conelle Construction Corp. Both parties moved for summary judgment. On March 26, 2025, the district court granted Federal's motion in full, declaring that Mt. Hawley has a duty to indemnify W&K and that this duty is primary, and ordering Mt. Hawley to reimburse Federal for all indemnity payments made by Federal on W&K's behalf up to the amount required in W&K's contract with Conelle. *Fed. Ins. Co. v. Mt. Hawley Ins. Co.,* No. 24 Civ. 1557, 2025 WL 919506, at \*6 (S.D.N.Y. Mar. 26, 2025). Mt. Hawley now appeals.

2

Upon careful consideration, we **AFFIRM** the judgment substantially for the reasons stated by the district court in its opinion.[1]

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

---

[1] The Mt. Hawley contention that was unaddressed by the district court—that Mt. Hawley should be obligated to pay Federal only a "reduce[d]" amount "to account for the fact that [Federal] paid the settlement not only on behalf of W&K but also on behalf of [W. & M. Operating, LLC], to which Mt. Hawley could never owe coverage"—is belied by the record. Appellant's Br. at 52. In describing the settlement to the state court "on the record" in the underlying action, all parties agreed that "the settlement is to be paid one hundred percent by Wieden & Kennedy." App'x at 520; *see id*. at 521 ("the settlement is going to be paid a hundred percent on Wieden & Kennedy").